ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone:  (310) 443-4139
Facsimile:  (310) 943-2255

Attorneys for Plaintiffs
JUSTIN AND ANDREW GARCIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO

JUSTIN GARCIA, and ANDREW GARCIA,

    Plaintiffs,

vs.

KEITH AND KAL INC. dba ALL COUNTY RECOVERY,

    Defendants.

Case No:

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

JURY TRIAL DEMANDED

Plaintiffs Justin Garcia and Andrew Garcia hereby complain against defendant Keith and Kal Inc. dba All County Recovery ("All County Recovery"), and allege on information and belief as follows:

## OPERATIVE FACTS

1. Plaintiff Justin Garcia purchased an automobile on credit from Paul Blanco's Good Car Company, an auto dealership located in Bakersfield, California, pursuant to a conditional sales contract. The contract is regulated by the Rees-Levering Automobile Sales Finance Act. Santander Consumer USA Inc., an automotive lender, took assignment of the conditional sales contract from the dealership. When plaintiff Justin Garcia fell behind on his payments, Santander hired an unlicensed repossession agency, third party Par, Inc., to repossess plaintiff's vehicle. Par then subcontracted defendant Keith and Kal Inc., which was doing business as All County Recovery, to physically take plaintiff's vehicle.

2. Plaintiffs came to a stop in Justin Garcia's vehicle, in a Walmart parking lot. Two repo men from All County Recovery suddenly pulled up in a tow truck, and blocked the vehicle from behind. One repo man descended from the tow-truck, came around to Justin Garcia's window, and announced the vehicle was being repossessed. Plaintiff Justin Garcia objected to the repossession. The repo man forcibly opened the driver's door to plaintiff's vehicle, and slammed it into another car which was parked beside plaintiff, damaging that vehicle. Plaintiffs were still inside the vehicle when the repo man motioned to his partner, the tow-truck driver, to start backing into plaintiff Justin Garcia's car. The tow truck banged into the vehicle from behind, and began lifting it in the air, with plaintiffs still inside. Plaintiff Andrew Garcia hit his head and was injured.

3. Plaintiffs exited the vehicle, and continued to object to the repossession and the damage that had been done to the other vehicle. All County Recovery's repo man became enraged, and stated he had called the police, who were on their way to the scene. This was a lie. Eventually, plaintiff Justin Garcia

turned over his keys.  One of the repo men said "Good luck getting your fucking car back." The repo men dragged the vehicle to another part of the parking lot. Then, one of the repo men drove plaintiff Justin Garcia's vehicle away, while the other drove away in the tow truck.

4. Accordingly, defendants breached the peace in conducting the repossession of plaintiff's vehicle, in violation of Commercial Code § 9609(b).

5. Plaintiffs are informed and believe that one or more of All County Recovery's employees who assisted in the repossession was not properly registered as a repossession agency employee with the Bureau of Security and Investigative Services, and therefore had no legal right to participate in locating or repossessing plaintiff's vehicle. Plaintiff is informed and believes that in violation of the Collateral Recovery Act, defendant All County Recovery is regularly sending unlicensed and unregistered personnel to repossess the vehicles of hundreds or thousands of California borrowers per year, and that a public injunction is necessary to put a stop to this illegal, unlicensed conduct, which harms the general public and is inherently dangerous.

6. All County Recovery absconded with some of plaintiff Justin Garcia's personal possessions still in the vehicle. In violation of the Collateral Recovery Act, Bus. & Prof. Code §§ 7507.9 and 7507.10, All County Recovery failed to notify plaintiff Justin Garcia in writing of the seizure of the vehicle within 48 hours, and failed to mail him a written inventory of the personal items it had seized.  Plaintiffs are informed and believe that All County Recovery regularly fails to comply with Bus. & Prof. Code §§ 7507.9 and 7507.10, and as its regular business practice, does not mail the written notices required by these laws, to borrowers after it repossesses vehicles.  Plaintiffs therefore seek a public injunction to restrain All County Recovery from violating these provisions of the Collateral Recovery Act, in order to protect the general public from unnecessary loss of the personal possessions in their repossessed vehicles, and from incurring illegal and unnecessary storage and

personal property fees.

7. Plaintiff Justin Garcia called All County Recovery to get his possessions back, and All County Recovery told him he would be charged more than $200 for the storage of his property. All County Recovery was not entitled to charge any money for storage of his personal possessions, because it had failed to comply with Bus. & Prof. Code § 7507.10(f), which requires a written notice containing "A disclosure of the charges payable by the debtor to the repossession agency for the storage of the collateral and personal effects from the date of repossession until release of the property from storage." In addition, All County Recovery's demand for over $200 violated Bus. & Prof. Code § 7507.5, which states "No charge shall be made for services incurred in connection with the recovery, transportation, and storage of collateral except under terms agreed to by the legal owner at the time of the repossession authorization or specifically agreed upon at a subsequent time." Santander, the legal owner, and Par, Inc., the unlicensed repossession agency which took the assignment, have an agreement that any charges to the borrower for personal property or vehicle storage, shall not exceed $150. Plaintiffs are informed and believe that Par imposed this requirement on All County Recovery in its subcontractor agreement.

8. Plaintiff Justin Garcia is informed and believes that All County Recovery regularly fails to comply with Bus. & Prof. Code §§ 7507.5 and 7507.10(f), and as its regular business practice, charges borrowers more than is permitted by law for personal property and vehicle storage charges. Plaintiff Justin Garcia therefore seeks a public injunction to restrain All County Recovery from charging personal property or vehicle storage fees unless they are (1) properly disclosed in written notices to borrowers, and (2) in the same amount as authorized by the secured party. Such an injunction will protect thousands of California borrowers from incurring excessive storage and personal property fees, after repossession.

## JURISDICTION AND VENUE

9. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Eastern District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendants are subject to the court's personal jurisdiction in this district.

## PARTIES

11. Plaintiff Justin Garcia is a natural person over the age of 18 years and is a resident and citizen of the state of California, county of Kern.

12. Plaintiff Andrew Garcia is a natural person over the age of 18 years and is a resident and citizen of the state of California, county of Kern.

13. Defendant Keith and Kal Inc. is a California corporation which does business as All County Recovery.

14. Defendant Santander hired Par, Inc. as an independent contractor, and Par, Inc. hired Keith and Kal Inc. dba All County Recovery as an independent contractor.

## FIRST CAUSE OF ACTION
**(By Both Plaintiffs Against All Defendants for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.).**

15. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

16. Plaintiff Justin Garcia is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors," as those terms are defined at 15 U.S.C. § 1692a. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

17. Defendants violated 15 U.S.C. § 1692f(6) by taking any nonjudicial

1  action to effect dispossession or disablement of property when (1) there was no
2  present right to possession of the property claimed as collateral through an
3  enforceable security interest; and/or (2) the property was exempt by law from such
4  dispossession or disablement.

5      18.    Plaintiffs are entitled to any actual damages sustained by them as a
6  result of defendants' conduct, in an amount according to proof, pursuant to 15
7  U.S.C. § 1692k.

8      19.    Plaintiffs are entitled to statutory damages of $1,000 against each
9  defendant, pursuant to 15 U.S.C. § 1692k.  Defendants have frequently and
10 persistently failed to comply with the FDCPA, and have violated the FDCPA
11 intentionally.  The nature of defendants' violations justifies the maximum statutory
12 damages award available.

13     20.    Plaintiffs are entitled to the costs of the action, together with a
14 reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

15     WHEREFORE, plaintiffs pray for relief as set forth below.

**SECOND CAUSE OF ACTION**
**(By Both Plaintiffs Against all Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)**

21.    Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

22.    The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

23.    Plaintiff Justin Garcia is a "debtor" within the meaning of Civil Code § 1788.2(h) in that he is a natural person from whom defendants sought to collect a

"consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

24. The defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

25. Defendants violated Civil Code § 1788.10(a) by using physical force or violence to cause harm to any person or their property.

26. Defendants violated Civil Code § 1788.10(a) by using criminal means to cause harm to any person or their property. The crimes committed include: (1) Bus. & Prof. Code § 7502.1(a), by violating Bus. & Prof. Code §§ 7507.9 and 7501.10, 7502, 7500.2(c), 7506.3, 7506.13, and 7507.5; and (2) Penal Code §§ 240, 242, and 245.

27. Defendants violated Civil Code § 1788.11(a) by using obscene or profane language.

28. Defendants violated Civil Code § 1788.13(e) by making the false representation that a consumer debt may be increased by the addition of service fees or other charges when, in fact, such fees or charges could not legally be charged.

29. Defendants violated Civil Code § 1788.14(b) by collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law.

30. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692d, by engaging in harassing and abusive conduct.

31. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692e, by misrepresenting to plaintiffs that the police had been called, when they had not.

32. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by engaging in unconscionable conduct, including but not limited to conducting a repossession in breach of the peace, and without the proper licensing.

33. As a proximate result of defendants' violations of the Rosenthal Act, plaintiffs have been damaged in amounts which are subject to proof. Plaintiffs are entitled to recover their actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

34. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiffs are entitled to recover statutory damages of $1,000 each, per defendant, pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

35. Plaintiffs are entitled to recover their attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

36. Plaintiffs seek treble damages pursuant to Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiffs pray for relief as set forth below.

### THIRD CAUSE OF ACTION
**(By Plaintiff Justin Garcia Against All Defendants For Conversion)**

37. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

38. Plaintiff Justin Garcia was entitled to immediate possession of his vehicle and his personal possessions inside it, when they were repossessed by

7

defendants.

39. Defendants wrongfully deprived plaintiff of possession of his vehicle and the personal possessions inside it, by repossessing them without any present right to do so, failing to give proper notice of how to get them back, and failing to return them as required by law.

40. As a proximate result of defendants' conduct, plaintiff has suffered and is entitled to recover damages for defendants' conversion.

41. Defendants acted with malice, oppression, and/or fraud towards plaintiff within the meaning of Civil Code § 3294, thereby entitling him to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

42. Plaintiff seeks treble damages and reasonable attorneys fees and costs, pursuant to Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiff prays for relief as set forth below.

### FOURTH CAUSE OF ACTION
**(By Both Plaintiffs Against All Defendants For Battery)**

43. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

44. Defendants touched plaintiffs or caused them to be touched with the intent to harm or offend them, without their consent.

45. Plaintiffs were harmed or offended by defendants' conduct, and a reasonable person in plaintiffs' position would have been harmed or offended by such conduct.

46. Defendants acted with malice, oppression, and/or fraud towards

plaintiffs within the meaning of Civil Code § 3294, thereby entitling them to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiffs with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

47. Plaintiffs seek treble damages and reasonable attorneys fees and costs, pursuant to Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiffs pray for relief as set forth below.

**FIFTH CAUSE OF ACTION**
**(By Both Plaintiffs Against All Defendants for Violations of the Collateral Recovery Act)**

48. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

49. The two repo men sent by All County Recovery were acting as a "repossession agency" within the meaning of Bus. & Prof. Code § 7500.2, in that they engaged in business and/or accepted employment to locate or recover collateral, for consideration. One or both of them were prohibited from these activities pursuant to Bus. & Prof. Code § 7502, because they are not licensed in California, nor registered with the BSIS as repossession employees, pursuant to Bus. & Prof. Code § 7506.3.

50. Defendant All County Recovery regularly employs unlicensed and unregistered personnel to participate in repossessions in California. Such employees act as a "repossession agency" despite not having a California repossession agency license or registration. The thousands of borrowers whose vehicles All County Recovery is repossessing, have been and are in danger of being subjected to unlicensed repossession activity, from unvetted and unregulated repo

men.  Defendants' violations of the law create a clear and present danger of future violence and property damage.  Accordingly, plaintiffs seek a public injunction pursuant to Bus. & Prof. Code § 7502.6(a), to restrain these defendants from further unlicensed activity.

51. Plaintiffs seek a civil fine of $10,000 against each defendant pursuant to Bus. & Prof. Code § 7502.6(a).

52. Plaintiffs seek treble damages and reasonable attorneys fees and costs, pursuant to Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiffs pray for relief as set forth below.

### SIXTH CAUSE OF ACTION
**(By Plaintiff Justin Garcia Against All Defendants for Violations of the Unfair Competition Law, Bus. & Prof. Code § 17200 et seq)**

53. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

54. Plaintiff Justin Garcia files this cause of action as a private attorney general to seek a public injunction against the defendants, whose unlawful business practices are continuing to harm thousands of people.  Business and Professions Code §17200 et seq., often referred to as the "Unfair Competition Law," (hereinafter "the UCL") defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice.  The UCL provides that a court may order injunctive relief to affected individuals as a remedy for any violation of the UCL.

55. Beginning on an exact date unknown to plaintiff, but at all times relevant herein, defendant All County Recovery has committed, and continues to commit, acts of unfair competition proscribed by the UCL, including the practices alleged herein.  The acts of unfair competition include the following:

(a) All County Recovery violated and continues to violate the provisions of Business & Professions Code §§ 7507.9 and 7507.10, with respect to those California residents whose vehicles it is repossessing, by failing to

send the written notices required by those sections;

(b) All County Recovery violated and continues to violate the provisions of Business & Professions Code §§ 7502 and 7506.3, with respect to those California residents whose vehicles it is repossessing, by sending unlicensed and unregistered personnel to participate in the repossessions of vehicles.

(c) All County Recovery violated and continues to violate the provisions of Business & Professions Code §§ 7507.5 and 7507.10(f), by charging California residents whose vehicles it has repossessed unlawful vehicle storage and personal property fees.

56. The business acts and practices of All County Recovery as hereinabove alleged constitute unlawful business practices in that, for the reasons set forth above, said acts and practices violate the provisions of the Collateral Recovery Act and the Rosenthal Fair Debt Collection Practices Act, and constitute conversion.

57. The business acts and practices of defendants, as hereinabove alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to consumers.  Said acts and practices have no utility that outweighs their substantial harm to consumers.

58. The business acts and practices of defendants, as hereinabove alleged, constitute fraudulent business practices in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

59. The unlawful, unfair and fraudulent business acts and practices of defendants described herein present a continuing threat to plaintiff, to all consumers as to whom All County Recovery is hired to repossess vehicles, in that defendants are currently engaging in such acts and practices, and will persist and continue to

do so unless and until a public injunction is issued by this Court.

60. Pursuant to Business and Professions Code §17203, plaintiff Justin Garcia seeks a public injunction restraining defendants from engaging in the above described acts and practices. Plaintiff has lost money or property as a result of defendants' unfair business practices, including but not limited to the vehicle itself.

61. Pursuant to Code of Civil Procedure § 1021.5, plaintiff seeks recovery of his attorneys' fees, costs and expenses incurred in the filing and prosecution of this action.

WHEREFORE, plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for the following relief:

1. For actual damages;
2. For punitive damages;
3. For statutory damages;
4. For public injunctive relief;
5. For declaratory relief;
6. For civil fines;
7. For pre-judgment interest to the extent permitted by law;
8. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action;
9. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury under the United States and California constitutions.

Dated: September 13, 2017

Respectfully Submitted,
TRUEBLOOD LAW FIRM

By: _____/s/_____
    Alexander B. Trueblood

Attorneys for Plaintiffs
JUSTIN AND ANDREW GARCIA