ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone:  (310) 443-4139
Facsimile:  (310) 943-2255

Attorneys for Plaintiffs
JUSTIN AND ANDREW GARCIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| JUSTIN GARCIA, and ANDREW GARCIA,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>KEITH AND KAL INC. dba ALL COUNTY RECOVERY<br><br>　　　　Defendant. | Case No.: 1:17−CV−01230−AWI-JLT<br><br>**PLAINTIFF'S MOTION TO DISMISS ACTION AND FOR A PROTECTIVE ORDER**<br><br>Date:　　August 20, 2018<br>Room:　Courtroom 2, 8th Floor<br>Time:　　1:30 p.m.<br><br>Hon. Anthony W. Ishii |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 20, 2018 at 1:30 p.m., in Courtroom 2 of the United States District Court, Eastern District of California, located at 2500 Tulare Street, Fresno, California, plaintiffs Justin and Andrew Garcia will and hereby do move for an order dismissing this action without prejudice pursuant to FRCP 41(a)(2), and for an order quashing all outstanding deposition notices and other discovery propounded by defendant until such time as a dismissal is entered, pursuant to FRCP 26(c).

### Motion to Dismiss

Plaintiffs move to dismiss this action without prejudice pursuant to FRCP 41(a)(2). Although plaintiffs are not requiring any payment from defendant for a dismissal, defendant refuses to stipulate under FRCP 41(a)(1). Defendant is apparently refusing because it wishes to litigate this case to assist it in an indemnity dispute with a third party. Plaintiffs submit this is not sufficient reason to compel plaintiffs to litigate a case they want to dismiss, especially given the recent letter issued to counsel by the Eastern District of California, noting that the district currently is overburdened and has one of the highest caseloads per judge in the nation.

This is an action by two young men for wrongful repossession against a repossession agency, after a violent repossession occurred in a big box store parking lot. Plaintiffs allege that the tow truck slammed into them without warning, and jacked them up in the air, and that an unlicensed repo man employed by defendant forced them from the vehicle. This action is related to <u>Garcia v. Kakish, et al</u>, E.D. Calif. Case No. 1:17-cv-00374-JLT, which was brought by the same plaintiffs against the lender, Santander Consumer USA Inc., the entity who ordered the repossession. The Court in <u>Kakish</u> ordered that case to arbitration on September 29, 2017. In order to avoid duplicative parallel proceedings, plaintiff has repeatedly

asked defendant Keith and Kal, Inc. to participate in the arbitration, but it has refused. Trueblood Decl., ¶ 2. The issues in the arbitration and this case heavily overlap, because plaintiffs seek to hold Santander vicariously liable for the conduct of Keith and Kal, Inc.

The parties reached a settlement in this case on June 4, 2018, just before the depositions of plaintiffs were scheduled to begin. In the deposition conference room, the parties signed a written memorandum of understanding with all terms memorialized in detail. See Trueblood Decl., ¶ 3. Plaintiffs each signed the document personally, and defendant's counsel Gordon Park signed for his client Keith and Kal, Inc. However, a few days after the signing, defense counsel took the position that his signature on the document was not binding on his client. Trueblood Decl., ¶ 3. Defense counsel then reneged on several of the main terms of the memorandum of understanding, including confidentiality, and insisted on new terms the parties had not bargained for, including the deposition of one of the plaintiffs. Id.

Plaintiff's counsel understands that the reason defendant won't agree to a dismissal is that it has an indemnity dispute with its employer Santander Consumer USA, and wishes to bolster its position vis a vis Santander by taking discovery from plaintiffs and trying to exculpate itself. Trueblood Decl., ¶ 4. Plaintiffs' position is that defendant's indemnity problem is not plaintiffs' problem. Defendant can either join the arbitration and litigate its indemnity issues there (as plaintiff has several times invited it to do), or it can sue Santander in a separate civil action, without plaintiffs. Defendant itself has no "skin in the game," because it is a dissolved corporation, and is being defended under an insurance policy. This tangled web is apparently woven by the defunct defendant's insurance company. Trueblood Decl., ¶ 5.

Plaintiffs do not want to continue this case with all the attendant time and expense, when there is already a parallel, overlapping arbitration which will be

deciding the same issues. Whether or not Keith and Kal, Inc. decides to participate in that arbitration, plaintiffs intend to pursue their claims in JAMS.

## Motion for Protective Order

After reneging on the settlement, defendant noticed the depositions of Andrew and Justin Garcia, to occur on July 24, 2018.  Trueblood Decl., Exh. 1. Plaintiffs move for a protective order under FRCP 26(c) quashing these depositions, and any other pending discovery.

Since plaintiffs are dismissing this case, plaintiffs do not want to incur the undue burden and expense of preparing and defending their depositions.  Plaintiffs also believe that the deposition notices were issued without notifying Santander Consumer USA, the respondent in the arbitration. Trueblood Decl., ¶ 6. Therefore, plaintiffs could be subject to the unnecessary burden of two depositions over the same dispute. Id. Defendant will not withdraw its deposition notices, and therefore plaintiff seeks a protective order under FRCP 26(c) quashing the deposition notices and all other discovery until the dismissal is entered.

## Meet and Confer Efforts

Plaintiffs' and defense counsel have had many short and long phone calls together on these issues, and have been unable to resolve them. Trueblood Decl., ¶ 7.  For example, plaintiffs have offered to have defendant join the arbitration, as JAMS provides for discovery rights and it could litigate its indemnity issues there. Plaintiffs have also offered to temporarily postpone the Andrew and Justin Garcia depositions until this motion to dismiss is decided. Defendant has rejected all these proposals and insists that the depositions go forward.  Trueblood Decl., ¶ 7.

Plaintiff submitted this dispute for informal resolution to Magistrate Judge

1  Thurston, who declined to have a conference, and ordered that plaintiffs bring this
2  motion. Trueblood Decl., ¶ 7.  Defense counsel agrees that all meet and confer
3  efforts have been exhausted.  Trueblood Decl., Exh. 2.

Dated:  July 20, 2018                    Respectfully Submitted,
                                         TRUEBLOOD LAW FIRM


                                         By:  _____/s/_____
                                              Alexander B. Trueblood

                                         Attorneys for Plaintiffs
                                         JUSTIN AND ANDREW GARCIA