| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **EASTERN DISTRICT OF CALIFORNIA** | |
| JUSTIN GARCIA and ANDREW GARCIA,<br><br>Plaintiffs<br><br>v.<br><br>KEITH AND KAL, INC. dba All Country Recovery,<br><br>Defendant | CASE NO. 1:17-CV-1230 AWI JLT<br><br>ORDER ON PLAINTIFFS' MOTION TO DISMISS AND REQUEST FOR A PROTECTIVE ORDER<br><br>(Doc. No. 17) |

This is a Fair Debt Collection Practices Act claim brought by Justin and Andrew Garcia ("Plaintiffs") against defendant Keith and Kal, Inc. ("K&K"). Currently before the Court is Plaintiffs' Rule 41(a)(2) motion to dismiss and a request for a protective order regarding depositions. For the reasons that follow, the motion to dismiss and request for a protective order will both be granted.

## **BACKGROUND**

From the Complaint, Justin Garcia purchased an automobile on credit from a dealership in Bakersfield, California. Santander Consumer USA, Inc. ("SCU") took assignment of the conditional sales contract from the dealership. Justin Garcia ("Justin") fell behind on his payments. SCU then hired an unlicensed repossession agency, Par, Inc., to repossess Justin's automobile. Par then subcontracted K&K to physically take Justin's automobile.

On an undisclosed day, Plaintiffs drove Justin's car to a local Walmart. After parking and while Plaintiffs were still inside the car, two repo men from K&K pulled up in a tow truck and blocked Justin's vehicle from behind. A repo man went to Justin's window and told him that the vehicle was being repossessed. Justin objected. The repo man forcibly opened the driver's door, causing it slam into a parked car and causing damage, and then motioned for his partner in the tow truck. The tow truck backed into Justin's car and began lifting it in the air while Plaintiffs were still inside. Andrew Garcia hit his head and was injured. Justin exited the vehicle, objected to the repossession, and objected to the damage that had been caused to the neighboring car. The repo man became enraged, and then lied by stating that he had called the police and that they were on the way. Justin eventually turned over his keys to the repo man. The repo men dragged the car to another area of the parking lot and one of the repo men then drove Justin's car away, followed by the tow truck.

**PLAINTIFF'S MOTION**

*Plaintiffs' Argument*

Plaintiffs argue that they are not requiring any payment from K&K, yet K&K refuses to stipulate to a dismissal. K&K is refusing to stipulate because it wishes to litigate this case in aid of an indemnity dispute with a third party. Plaintiffs explain that this case is related to *Garcia v. Kakish, et al.*, E.D. Cal. Case No. 1:17-cv-0374 LJO JLT, which was they brought against SCU, the entity who ordered repossession of Justin's car. Pursuant to court order, *Kakish* is in arbitration with JAMS. K&K refuses to participate in the arbitration. Nevertheless, a settlement in the case at bar was reached on June 4, 2018, just prior to the depositions of Plaintiffs. A few days after signing the settlement, K&K's counsel stated that his signature was not binding on K&K and then suggested additional terms of settlement, including taking Plaintiffs' depositions. Plaintiffs argue that they believe the reason K&K backed out of settlement and refuse to stipulate to dismissal is because of a possible indemnity dispute with SCU. K&K wishes to bolster its position over SCU by taking Plaintiffs' depositions. However, K&K dissolved itself after this case was filed, although it is fully insured and the insurance company is undertaking the expense

2

of defense and indemnity in this case. Therefore, K&K has "no skin in the game" with this case. Considering the time and expense of this case, including the possibility of parallel and duplicative depositions (two in this case and two in the arbitration), when there is already a parallel and overlapping arbitration, Plaintiffs no longer wish to pursue this case. Further, given the requested dismissal, Plaintiffs argue that the deposition notices issued by K&K should be quashed pursuant to Rule 26(c). In reply, Plaintiffs argue that in addition to encouraging K&K to participate in arbitration, they have stated that they will make themselves available for deposition as part of the arbitration process and would permit K&K to participate in the deposition without being made a respondent.

*Defendant's Opposition*

K&K argues that there was no enforceable settlement agreement between the parties because K&K did not sign the proposed agreement, and its counsel's signature alone was insufficient. K&K further argues that dismissal is premature. In *Kakish*, the primary defendant is SCU. The gist of that suit is that Plaintiffs suffered harm during the repossession of Justin's car by K&K employees. K&K operates under an indemnity agreement with Par, and Par has an indemnity agreement with SCU. To the extent that SCU is found liable in *Kakish* for the actions of K&K's employees, K&K may be required to indemnify SCU. In order to evaluate the merits of any such indemnity claim, K&K must learn from the Plaintiffs the facts of the incident and what evidence they have to support their claims of injuries and damages. Because K&K is the employer of the repo men, it may be the party who ultimately pays any recovery obtained by Plaintiffs from the *Kakish* arbitration. K&K wants to depose both Plaintiffs now, while it has the means to do so, in order to get the Plaintiffs' version of facts, learn about injuries, and otherwise obtain evidence which may give K&K some idea of its ultimate exposure for liability and damages. Plaintiffs' proposed alternatives of filing a separate civil action against SCU would subject K&K to all the costs of litigation in a completely new case, when the core issues of a subsequent case could be sorted out by the mere taking of a deposition in this case. Plaintiffs' other proposed alternative, joining in the arbitration and litigating indemnity, is prejudicial because Plaintiffs have been precluded from naming K&K as a defendant in *Kakish* and discovery

3

1 in arbitration is severely limited. Given the difficulty in obtaining Plaintiffs' deposition during
2 this case, the odds of obtaining it during arbitration where discovery is severely limited are next to
3 impossible.

4 K&K also argues that if a Rule 41(a)(2) dismissal is granted, certain conditions should be
5 imposed. Payment of costs and fees is often imposed as a condition of dismissal. While fees are
6 not necessarily mandatory, initial disclosures have been exchanged and the parties are well into
7 discovery, and there is no indication that Plaintiffs' case against K&K has any merit whatsoever.
8 K&K's counsel has declared that approximately $11,000 in fees and $2,400 in costs have been
9 incurred to this point. Additionally, K&K argues that any dismissal should not occur until after
10 K&K has deposed both Plaintiffs.

*Legal Standard*

Federal Rule of Civil Procedure 41(a) "allows plaintiffs voluntarily to dismiss some or all of their claims against some or all defendants." Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC, 548 F.3d 738, 748 (9th Cir. 2008). Where a defendant has served an answer, but has not signed a stipulation to dismiss, a plaintiff's voluntary dismissal of an "action" must be affected through Federal Rule of Civil Procedure 41(a)(2). See Fed. R. Civ. Pro. 41(a); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1999). Rule 41(a)(2) provides in pertinent part: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) motions are addressed to the sound discretion of the district court. Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001). "Plain legal prejudice" does not result on the assertion that the defendant has already begun trial preparation, has incurred some expenses, faces the prospect of a second lawsuit, faces uncertainty because a dispute is unresolved, faces uncertainty from the threat of future litigation, or when the plaintiff merely gains some tactical advantage. See id. at 976; Westlands Water Dist. v. United States, 100 F.3d 94, 96-97 (9th Cir. 1996); Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145-46 (9th Cir. 1982).

"Plain legal prejudice" is "prejudice to some legal interest, some legal claim, [or] some legal argument." Zanowick v. Baxter Healthcare Corp., 850 F.3d 1090, 1093 (9th Cir. 2017); Westlands Water Dist., 100 F.3d at 97. Where appropriate, a dismissal without prejudice may be conditioned upon the payment of appropriate costs and attorney's fees. Westlands Water Dist., 100 F.3d at 97. However, imposition of costs and fees as a condition of dismissal is not mandatory. Id.; Stevedoring Services of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989). Any costs and fees that are imposed as part of a conditional dismissal may only include costs and fees "for work which is not useful in continuing litigation between the parties." Koch v. Hankins, 8 F.3d 650, 652 (9th Cir. 1993); see also Westlands Water Dist., 100 F.3d at 97.

*Discussion[1]*

K&K has not identified a counterclaim or other legal claim that would be implicated by a dismissal. Instead, K&K generally focuses on the loss of opportunity to take the Plaintiffs' depositions. The Ninth Circuit has recognized that a dismissal results in plain legal prejudice when "the dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud." Westlands Water Dist., 100 F.3d at 97 (citing Hyde & Drath v. Baker, 24 F.3d 1162, 1169 (9th Cir. 1994)). The Ninth Circuit has also affirmed the denial of a Rule 41(a)(2) motion where one of the three reasons identified by the district court was the plaintiff's "thinly-veiled attempts to avoid discovery." In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996).

*Westlands Water*/*Hyde & Drath* are distinguishable from the case at bar in that K&K is the only defendant, and a dismissal will terminate this case in its entirety. Thus, there would be no remaining parties or claims to which K&K would need to mount a defense. *In re Exxon Valdez* is also distinguishable. In that case, the defendants attempted on numerous occasions to obtain discovery (the nature of the discovery is unknown) without success, and the district court

---

[1] The parties spend much time addressing the June 4, 2018 "settlement." However, this is not a motion to enforce settlement, it is a motion to dismiss. Plaintiffs are not attempting to enforce the settlement, nor do they argue that an enforceable settlement exists. Because no party is attempting to enforce a purported settlement, the Court will not pass on the validity of the June 4, 2018 document. It is enough to note that the parties engaged in settlement negotiations prior to the noticed depositions of Plaintiffs on June 4, Plaintiffs and defense counsel signed a memorandum of understanding, but K&K itself refused to sign the memorandum.

dismissed the case with prejudice under Rule 37 as a discovery sanction. See In re Exxon Valdez, 102 F.3d at 431. In contrast, the reply declaration of Plaintiffs' counsel shows that on April 9, 2018, K&K propounded six sets of written discovery, and on May 25, 2018, Plaintiffs responded to the six sets of discovery. See Doc. No. 19-1 at ¶ 6. It is true that there has been some difficulty in obtaining the depositions of Plaintiffs, but the declaration of K&K's counsel shows that Plaintiffs appeared for depositions on June 4, 2018. See Doc. No. 18-1 at ¶¶ 3, 4. Instead of conducting the depositions, the parties engaged in settlement efforts and nearly resolved this case. See id. Thus, the evidence presented and the representations made show that Plaintiffs have not avoided their discovery obligations, as did the plaintiffs in *Exxon Valdez*. Nevertheless, although *Westlands/Hyde & Drath* and *In re Exxon Valdez* are distinguishable and not directly on point, they do indicate that the Ninth Circuit condones examining discovery related conduct in assessing a Rule 41(a)(2) motion.

   K&K states that it has the means to take the depositions now and that taking the depositions now will enable it to assess its exposure/liability to SCU, make a possible defense against SCU, or possibly make a settlement offer if the arbitration goes against SCU and if SCU brings an indemnity suit against K&K. However, while K&K's arguments show why it desires the depositions, K&K does not adequately address why it needs the depositions now or identify the legal interest at stake. For example, there are no indications that Plaintiffs will leave California and thus be outside of a California court's subpoena power, nor is there any indication that one of the Plaintiffs has a terminal illness. Further, even if SCU loses in arbitration and files an indemnity action against K&K, in both federal and California courts discovery and depositions can be obtained from third parties. While it may be preferable from K&K's perspective to be armed with Plaintiffs' information now so that it can "head off" a contingent future case by SCU or Par, that preference is something that does not materialize in the vast majority of lawsuits. At best, K&K has demonstrated that it faces uncertainty over a potential lawsuit by a third party. K&K cites no cases that have found such uncertainty to be a valid legal interest under Rule 41(a)(2). Cf. Smith, 263 F.3d at 975; Westlands Water Dist., 100 F.3d at 96-97. Therefore, the Court concludes that K&K faces no "plain legal prejudice" from a dismissal of this lawsuit.

| | |
|---|---|
| 1 | With respect to conditions, given the absence of plain legal prejudice to K&K, as well as |
| 2 | the ability of K&K to conduct the depositions of Plaintiffs as part of a potential indemnity lawsuit, |
| 3 | the Court will decline to impose any conditions on dismissal.[2] |
| 4 | With respect to fees and costs, Plaintiffs responded to written discovery and appeared for |
| 5 | their depositions on June 4, and the allegations in Plaintiffs complaint do not appear fanciful or |
| 6 | frivolous. Although not necessarily dispositive, the indications before the Court are that Plaintiffs |
| 7 | have brought this suit in good faith. Further, no summary judgment motions have been filed, and |
| 8 | trial is not until September 2019. The Court would not call this case one that is in an advanced |
| 9 | state or readiness. Finally, K&K seeks a total of $13,377.31 in fees and costs. However, the |
| 10 | Ninth Circuit has held that not all fees and costs are recoverable, only costs and fees "for work |
| 11 | which is not useful in continuing litigation between the parties" may be awarded. Koch, 8 F.3d at |
| 12 | 652. K&K does not discuss or explain what percentage of the costs and fees it requests would not |
| 13 | be useful in future litigation. For these reasons, the Court declines to award fees or costs to K&K. |
| 14 | Finally, because the Court will dismiss this action, the Court will also grant Plaintiffs' |
| 15 | request for a protective order and quash K&K's deposition notices. Fed. R. Civ. P. 26(c)(1)(A). |

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' Rule 41(a)(2) motion to dismiss is GRANTED and this case is DISMISSED without prejudice;
2. Plaintiffs' request for a protective order is GRANTED and K&K's Fourth Re-notices of Taking Videotaped Deposition (to occur on July 24, 2018) are QUASHED; and
3. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   October 16, 2018

_____
SENIOR DISTRICT JUDGE

---

[2] Nothing in this order should be construed as preventing K&K from accepting Plaintiffs' offer to participate in their depositions during the *Kakish* arbitration proceedings.